AO 91 (Rev. 02/09)  Criminal Complaint

United States District Court
Southern District Of Texas
FILED

JAN 25 2020

David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
for the
Southern District of Texas

United States of America )
v. )
Jesse SOTO ) Case No. M-20-0213-M
YOB: 1998 USC )
)
_____ )
Defendant

SEALED

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  12/31/2019  in the county of  Hidalgo  in the  Southern  District of Texas , the defendant violated  Title 18  U. S. C. §  924(a)(1)(A) , an offense described as follows:

Whoever, knowingly makes any false statement or representation with respect to the information required to be kept in the records of a federal firearms licensee.

This criminal complaint is based on these facts:

SEE ATTACHMENT A

☑ Continued on the attached sheet.

/S/ Candace Garza

_____
Complainant's signature

Candace Garza - ATF Special Agent
_____
Printed name and title

Submitted by reliable electronic means, sworn to, attested to telephonically per Fed.R.Crim.P.4.1, and probable casuse found on:

Date:  01/25/2020 @ 1:25 PM

Judge's signature

City and state:  McAllen, TX

J. Scott Hacker, United States Magistrate Judge
Printed name and title

## ATTACHMENT A

This affidavit is in support of a criminal complaint charging Jesse SOTO (hereinafter referred to as "SOTO") with violating Title 18 U.S.C. Section 924(a)(1)(A).

Further, your Affiant states as follows:

On or about January 10, 2020, your Affiant was referred a NICS Standard Denial case involving SOTO after having been denied the purchase of a firearm from a Federal Firearms Licensee (FFL) located in Edinburg, Texas, on December 31, 2019. Your Affiant discovered that SOTO was denied the purchase of the firearm, namely one (1) Sun City Machinery/Savage, model 320, 12-gauge shotgun due to SOTO being considered a prohibited person (convicted of a crime punishable by a term exceeding one year) under Title 18 U.S.C. Section 922(g)(1).

A computerized criminal history check (CCH) and subsequent review of judgment and conviction documents for SOTO revealed that SOTO was convicted of the following felonies on October 17, 2018: Possession of a Controlled Substance-Penalty Group 3 >=28G<200G (3nd Degree Felony) in the 275th District Court of Hidalgo County, Texas, in Case No. CR-3365-18-E, Possession of a Controlled Substance-Penalty Group 1 >=4G<200G (2nd Degree Felony) in the 275th District Court of Hidalgo County, Texas, in Case No. CR-3365-18-E, Deadly Conduct Discharge firearm (3nd Degree Felony) in the 275th District Court of Hidalgo County, Texas, in Case No. CR-2200-18-E. SOTO was ordered to serve ten (10) years on community supervision for the aforementioned felony convictions.

On January 24, 2020, your Affiant confirmed with Hidalgo County Community Supervision and Corrections Department (HC-CSCD) that SOTO was currently on probation for the aforementioned felony convictions. Additionally, HC-CSCD documents revealed that SOTO was informed and subsequently signed a Civil Rights and the Federal Firearms Control Act document, which detailed his inability to possess, ship, transport, or receive a firearm or ammunition while under felony supervision.

A review of the ATF Form 4473 revealed that SOTO falsified the aforementioned form when he checked "no" on question 11(c) which states the following: "Have you ever been convicted in any court of a felony, or any other crime for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?"

Your Affiant knows that FFLs are required to keep the ATF Form 4473 (Firearms Transaction Record) which is completed by the purchaser, which includes information regarding the name, age, current residence of the purchaser, and the purchasers certification that he or she is not prohibited from possessing firearms. Furthermore, the purchaser must certify that their answers on ATF Form 4473 are true, correct and complete.

Moreover, the ATF Form 4473 also warns the buyer that making a false statement on the ATF Form 4473 is a felony offense. Lastly, any false statement or representation made on ATF Form 4473, which is information required to be kept in the records of a federal firearms licensee, is a violation of Title 18 U.S.C. Section 924(a)(1)(A).

1

2

As a result, on or about December 31, 2019, SOTO knowingly made a false statement on ATF Form 4473 when he indicated that he was not a convicted felon, when in fact he was, at the time he certified that the information on the ATF Form 4473 was true and correct.